IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ASHLEY NICHOLE BARNES and ADVENTUROUS IMAGES LLC | )<br>)<br>) |
| v. | )    Case No. 1:25-cv-00033 |
| CARLO LEWIS LOVOI and APEX AUTOSPORT | )<br>) |

TO: Honorable William L. Campbell, Jr., Chief District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered August 1, 2025 (Docket Entry No. 13), the Court referred this *pro se* action to the Magistrate Judge for pretrial matters under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion to dismiss (Docket Entry No. 10) filed by Defendants Carlo Luis Lovoi and Suja 2 Tuning, LLC d/b/a Apex Autosports. Plaintiffs have not responded to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED** to the extent that it seeks dismissal for improper venue and that this action be **DISMISSED**.

## I. BACKGROUND

This lawsuit was filed *pro se* on May 21, 2025, by Ashley Nichole Barnes and Adventurous Images LLC (collectively referred to hereinafter as "Plaintiffs") against the Carlo Lewis Lovoi and Apex Autosport ("Defendants"). *See* Complaint (Docket Entry No. 1). In a fairly sparse complaint, Plaintiffs allege that Defendants performed improper automotive work on a vehicle, causing the

vehicle to catch on fire, and that Defendants would not pay for the damage or "give insurance or licensing information" to Plaintiffs. *Id*. at 2-3. Asserting the diversity jurisdiction exits, Plaintiffs seek damages of 1.5 million dollars based on claims of negligence/gross negligence and fraud. *Id*. at 3.

Ms. Barnes asserts that she resides in Pulaski, Tennessee. *Id.* at 2. No information for Adventurous Images LLC is provided other than its address, which is the same address that is provided for Ms. Barnes. Although Plaintiffs list an address for Defendant Lovoi in Madison, Alabama, and an address for Defendant Apex Autosport in Huntsville, Alabama, they assert in their statement of venue that "at least one defendant is located in this District and any other defendants are located in Elkton, Alabama." *Id*. at 2.

After being served with process, Defendants filed the pending motion to dismiss. Thereafter, they filed answers, which continued to assert the defenses raised in their motion. *See* Docket Entry Nos. 14 and 15. A business entity disclosure form was also filed by Defendant Suja 2 Tuning, LLC d/b/a Apex Autosports, asserting that it is an Alabama limited liability company with two members: Carlo Luis Lovoi and Gail Lovoi, both asserted to be citizens of Alabama. *See* Docket Entry No. 12. Neither party demands a jury trial

## II. MOTION TO DISMISS

Defendants seeks dismissal under Rules 12(b)(2), (3), and (6) of the Federal Rules of Civil Procedure. They assert that they are residents of Alabama, their business is limited to Alabama, and their interaction with Plaintiffs was solely within Alabama.. They argue that this Court lacks personal jurisdiction over them. They further argue that Plaintiffs' statements in the complaint about venue existing in this District are contradictory and fail to show that venue over the case is

proper in this District under 28 U.S.C. § 1391(b). Finally, Defendants argue that dismissal is warranted under Rule 12(b)(6) because Plaintiffs' allegations are so vague that they fail to support claims upon which relief can be granted. *See* Memorandum in Support (Docket Entry No. 11).

In the nearly 8 months since the motion to dismiss was filed on June 25, 2025, Plaintiffs have not responded to the motion in any manner. In fact, Plaintiffs have not made any filings or been active in the case since filing the complaint and taking steps to have process served upon Defendants.[1]

### III. ANALYSIS

When the Court finds that the assertion of venue is clearly improper and unsupported, the Court may address venue prior to delving into the issue of personal jurisdiction. *Leroy v. Great W. United Corp.,* 443 U.S. 173, 180-81 (1979). The Court finds this principle to be applicable to the instant case given Plaintiffs' failure to show that venue is proper in this District.

Under 28 U.S.C. § 1391(b), Plaintiffs may bring suit in (1) a judicial district in which any defendant resides if all the defendants reside in the State where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or, (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. A

---

[1] The Court notes that, on January 13, 2026, a letter was sent to the Clerk's Office by a person asserting to be the husband of Ashley Barnes, stating that he will be representing her, and requesting an address change for Plaintiffs to the address for the Giles County Jail. *See* Docket Entry No. 16. The letter was not signed by Plaintiff Barnes. By separate Order, the Court has addressed this letter and the inability of a non-party, non-attorney to make filings on behalf of a party. Given the lengthy lack of any activity in the case from the actual named Plaintiffs, the Court finds no basis to alter its recommendation based upon this letter.

plaintiff's residency is not determinative of venue under Section 1391(b). *See Lea v. United States Dep't of Agric.*, No. 23-5169, 2024 WL 841436 at *3 (6th Cir. Feb. 28, 2024) ("the venue statute makes the residency of the defendants (not the plaintiffs) matter. . . . So [the plaintiff's] current domicile is beside the point.")

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss the complaint for improper venue. *Canal Ins. Co. v. Schaefer*, No. 3:23-CV-01059, 2024 WL 666490, at *2 (M.D.Tenn. Feb. 16, 2024) (internal citation omitted). After a defendant challenges venue, "it is the plaintiff's burden to show that venue is proper." *Ingram Barge Co., LLC v. Bunge N. Am., Inc.*, 455 F.Supp.3d 558, 569 (M.D.Tenn. 2020) (internal citation omitted). When considering a Rule 12(b)(3) motion to dismiss for improper venue, "the court may examine facts outside of the complaint but 'must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff.'" *Receiver of assets of Mid-Am. Energy, Inc. v. Coffman*, 719 F.Supp.2d 884, 891 (M.D.Tenn. 2010) (internal citation omitted). "If the court finds that venue is improper, it has discretion, under 28 U.S.C. § 1406, to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(3) or transfer the case to a district where venue is proper." *Id.* (internal citation omitted).

Plaintiffs fails to show that venue in this District is proper. The factual allegations of the complaint fail to set out any events occurring in this District and states that the lawsuit arose in "None County. *See* Complaint at 2. However, "None County" is not a Tennessee county that is located within the Middle District of Tennessee, or even within any district in Tennessee. *See* 28 U.S.C. § 123.[2] Further, although Plaintiffs assert that "at least one defendant is located in this

---

[2] The Court notes that "None County" likewise is not a county within the Northern District of Alabama. *See* 28 U.S.C. § 81(a).

District," *see* Complaint at 2, this assertion is contradicted by Plaintiffs' own statement that "none of the plaintiffs live in the same state as any of the defendants" and by their listing of Alabama addresses for Defendants. *Id.*

Plaintiffs have also failed to respond to the motion to dismiss and failed to show why venue is proper in this District. As already noted, the burden is on Plaintiffs to show that venue is proper when venue is challenged by Defendants' motion. Given the lack of a response from Plaintiffs that rebuts Defendants' improper venue argument, it is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). *See Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) ("This Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss."); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D.Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response). A plaintiff who brings a lawsuit simply cannot ignore a motion to dismiss the lawsuit.

Because of the lack of any showing by Plaintiffs that venue is proper in this District, the lack of any response from Plaintiffs to the motion to dismiss, the overall lack of any involvement by Plaintiffs in this lawsuit after filing it, and the specific failure of Plaintiffs to seek transfer of this lawsuit to a different court that has proper venue, the Court finds that it is appropriate to exercise its discretion to dismiss this lawsuit under 28 U.S.C. § 1406(a) instead of transferring the lawsuit to another court.

# R E C O M E N D A T I O N

For the reasons set out above, the undersigned respectfully **RECOMMENDS** that Defendant's motion to dismiss (Docket Entry No. 10) be **GRANTED** under Federal Rule 12(b)(3) and that this action be **DISMISSED WITHOUT PREJUDICE** for improper venue.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

**Signed By:**
*J. Gregory Wehrman*
**United States Magistrate Judge**